United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 23, 2003**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41368
Summary Calendar
_____

ALEXANDER DECLINTON MADDOX,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:02-CV-214
--------------------

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Alexander Declinton Maddox, Texas prisoner # 1066429, seeks
leave to file a certificate of appealability (COA) to appeal
the district court's dismissal of his 28 U.S.C. § 2254 petition
challenging a prison disciplinary proceeding.  To obtain a COA,
Maddox must make "a substantial showing of the denial of a
constitutional right."  See 28 U.S.C. § 2253(c)(2).  A
substantial showing requires Maddox to show that "reasonable

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

jurists would find the district court's assessment of the constitutional claims debatable or wrong."  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Magistrate Judge Guthrie, prior to service of process, recommended dismissal without prejudice for failure to state a cognizable constitutional claim.  The district court, Chief Judge Hannah, conducted a de novo review, adopted the findings and conclusions of the magistrate judge, and dismissed the case.

Without addressing the merits of the dismissal or Maddox's failure to brief the merits, we sua sponte vacate the district court's judgment and remand with directions to refer the matter to another district judge.  The district court here should have recused himself under 28 U.S.C. § 455(a) because with knowledge of the relevant fact——that the district judge is the spouse of the magistrate judge——"an objective observer would have questioned [the district judge's] impartiality" in reviewing the recommendation of the magistrate judge, and this is so even if the district judge's "failure to disqualify himself was the product of a temporary lapse of" attention on his part (as we assume it was).  See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 861 (1988).  We note that there is nothing in the record suggesting that Maddox, a prisoner proceeding pro se, ever knew or reasonably could have known of the fact requiring recusal.  Because of this and because recusal was so clearly required and this case is on direct appeal from a

dismissal prior to service of process, we exercise our discretion in this particular case to vacate the judgment in the interest of promoting "confidence in the judiciary by avoiding even the appearance of impropriety," see Liljeberg, 486 U.S. at 867, and in the hope that such action will emphasize the need to guard against inadvertent repetition of this situation. See also Tramonte v. Chrysler Corp., 136 F.3d 1025, 1027 n.1 (5th Cir. 1998).

VACATED AND REMANDED.